UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., et al., | Case No. 2:16-CV-498 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MESA VERDE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Mesa Verde Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 12).[1] Plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 18), to which the HOA replied (ECF No. 23).

**I.  Facts**

This case involves a dispute over real property located at 4129 Thomas Patrick Avenue, North Las Vegas, Nevada (the "property").

On May 27, 2008, George and Juanita Bennett obtained a loan from CTX Mortgage Company, LLC in the amount of $215,761.00, which was secured by a deed of trust recorded on May 29, 2008. (ECF No. 1). The Federal Housing Administration ("FHA") insured the deed of trust. (ECF No. 1). The deed of trust was assigned to BANA. (ECF No. 1).

---

[1] Counsel for the HOA failed to sign the instant motion as required by LR IC 5-1. *See* LR IC 5-1(a) ("Electronic Signature Defined. An electronic signature may be either in the form of '/s/ [name]' or a facsimile of a handwritten signature."); LR IC 5-1(b) ("Filer Signature. A filer's electronic signature in the signature block of an electronic document constitutes a signature for all purposes under applicable rules, statutes, or court orders. The signatory must be the attorney or pro se party who electronically files the document."). Pursuant to LR IC 7-1, the court may strike documents that do not comply with these rules. Counsel is advised to comply with the local and federal rules.

**James C. Mahan**
**U.S. District Judge**

On March 9, 2010, Alessi & Koenig, LLC ("A&K"), acting on behalf of the Mesa Verde homeowners' association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $920.00. (ECF No. 1). On August 5, 2010, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $5,380.00. (ECF No. 1).

On October 13, 2011, A&K recorded another notice of delinquent assessment lien, stating an amount due of $3,545.00 and scheduling the sale for November 16, 2011. (ECF No. 1). On August 2, 2012, A&K recorded a second notice of trustee's sale, scheduling the foreclosure sale for September 5, 2012, and stating an amount due of $3,545.00. (ECF No. 1). On June 3, 2013, A&K recorded a third notice of trustee's sale, scheduling the sale for July 3, 2013 and stating an amount due of $7,686.26. (ECF No. 1).

On August 7, 2013, SFR Investment Pool 1, LLC ("SFR") purchased the property for $20,000.00. (ECF No. 1). The trustee's deed upon sale was recorded August 13, 2013. (ECF No. 1).

In the instant complaint, BANA alleges four claims of relief: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against A&K and the HOA; (3) wrongful foreclosure against A&K and the HOA; and (4) injunctive relief against SFR. (ECF No. 1).

In the instant motion, the HOA moves to dismiss, arguing that BANA failed to first submit its claims to mediation as required by NRS 38.310 and that BANA failed to state a claim for quiet title against the HOA. (ECF No. 12). The court will address each in turn.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

**James C. Mahan
U.S. District Judge**

- 2 -

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III. Discussion**

**A. NRS 38.310**

In its motion, the HOA argues that the complaint must be dismissed for BANA's failure to comply with NRS 38.310 by failing to first submit its claims to mediation before the Real Estate

Division of the Nevada Department of Business and Industry ("NRED"). (ECF No. 12 at 5). Section 38.310 provides in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

BANA argues that NRS 38.310 cannot affect the court's subject matter jurisdiction. (ECF No. 18). The court agrees because NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15–cv–01862–JAD–PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016).

Next, BANA argues that it submitted a demand for mediation to NRED on October 21, 2015, but NRED failed to schedule a mediation in the time period required under NRS 38.330(1). (ECF No. 18 at 10). BANA thus maintains that NRS 38.330 is inapplicable because it exhausted its administrative remedies. (ECF No. 18 at 10–11).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). While NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear in providing that no civil action may be commenced "unless the action has been submitted to mediation." Specifically, subsection (1) goes on to state in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added).

Here, while BANA has requested mediation, the parties have not been participated in or completed mediation. Importantly, BANA has not provided a sworn statement indicating that the

James C. Mahan
U.S. District Judge

- 4 -

issues in the complaint have been mediated, but no agreement was obtained as required by the statute. Therefore, BANA has not exhausted its administrative remedies.

### 1. *Quiet Title/Declaratory Relief*

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, BANA seeks both quiet title and declaratory relief regarding its rights to the property. Accordingly, this claim is exempt from the mediation requirement of NRS 38.310, and the HOA's motion to dismiss will be denied as it relates to this issue.

### 2. *Bad Faith & Wrongful Foreclosure*

BANA alleges that the HOA and A&K breached their duty of good faith by failing to comply with their obligations under the CC&Rs. (ECF No. 1 at 11–12). BANA further alleges that the foreclosure conducted by the HOA and A&K was wrongful. (ECF No. 1 at 13).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d

at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Consequently, BANA must first submit these claims to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Therefore, BANA's claims for breach of good faith and wrongful foreclosure will be dismissed without prejudice.

### B. Failure to State a Claim

The HOA argues that BANA's quiet title claim should be dismissed because the HOA has no interest in the property. (ECF No. 12 at 7–8). The court disagrees.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or

impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Here, the HOA is a necessary party to this action based on the current allegations and relief sought. The HOA has a present interest in the property because BANA challenges the validity of the foreclosure sale. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). If the foreclosure sale is invalidated, the HOA's superpriority lien might be reinstated as an encumbrance against the property.

Further, the existence and priority of that lien might still be in doubt where BANA alleges it tendered payment of that lien. "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. Furthermore, if BANA "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id*. Thus, if the HOA is dismissed as a party, BANA would not be able to secure the complete relief it seeks. *See id.*; Fed. R. Civ. P. 19(a). Accordingly, the HOA is a proper party to BANA's quiet title claim, and its motion to dismiss on this basis will be denied.

### IV.  Conclusion

Based on the foregoing, defendant the HOA's motion to dismiss is granted in part and denied in part. Specifically, BANA's claims for breach of good faith and wrongful foreclosure are dismissed without prejudice for failure to comply with the mediation requirement set forth in NRS 38.310.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant the HOA's motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED October 11, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -