**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | Case No. 2:16-cv-00498-JCM-NJK |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MESA VERDE HOMEOWNERS ) | (Docket Nos. 57, 58, 59) |
| ASSOCIATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court are SFR's motion to reconsider the prior order granting Plaintiff's motion for protective order and for sanctions as unopposed, and motion for leave to file an untimely opposition brief. Docket Nos. 57, 58. Plaintiff filed a response in opposition, and SFR filed a reply. Docket Nos. 62, 65. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion for leave to file an untimely opposition brief is **GRANTED**, and the motion to reconsider is **GRANTED** in part and **DENIED** in part. In addition, Plaintiff's motion for calculation of attorneys' fees at Docket No. 59 is **DENIED** as moot.

**I.      SFR'S FAILURE TO TIMELY FILE RESPONSE**

On October 7, 2016, Plaintiff filed its motion for protective order. Docket No. 50. The deadline for SFR to file its opposition brief was October 24, 2016. *See* Local Rule 7-2(b); *see also* Fed. R. Civ.

P. 6(d) (previous version).[1]  SFR did not meet that deadline.  On October 26, 2016, the Court granted Plaintiff's motion as unopposed.  *See* Docket No. 56.

To determine whether to allow for the untimely filing of the opposition, the Court looks to whether excusable neglect has been established in failing to comply with the already-established deadline.  In doing so, the Court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party.  *See Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).  The reason for SFR's failure to comply with the local rules is not a compelling one, by any stretch.[2]  Nonetheless, the Court finds that balancing of the equitable factors tilts in favor of permitting the late filing of an opposition brief.  As such, the motion for leave to file an opposition will be **GRANTED**.

SFR has not actually prepared and submitted a proposed responsive brief in this case.  Instead, it has referenced the responsive brief that it filed in *Bank of America v. Desert Pine Villas Homeowners Association*, Case No. 2:16-cv-00725-JCM-NJK.  *See* Docket No. 65 at 5.  SFR represents that the issues raised in the motion for protective order in this case are identical to those at issue in the motion filed in the *Desert Pine* case.  *See id.*  As such, the Court will deem that responsive brief as having also been filed in this case.

**II.    RECONSIDERATION OF ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

The Court has issued an order resolving the motion for protective order in the *Desert Pine* case and hereby incorporates that order herein to conclude that the motion for protective order shall be granted, but that an award of attorneys' fees is not appropriate.

---

[1] Effective December 1, 2016, the Federal Rules were amended to omit the provision allowing three additional days when service is completed by electronic means, including the Court's CM/ECF system.  *See* Fed. R. Civ. P. 6(d).

[2] The reason provided is nonsensical, as counsel asserts that she miscalculated the deadline based on the date of issuance of the briefing schedule order on October 10, 2016.  Docket No. 58, Ebron Decl. ¶ 6.  There is no order dated or issued on October 10, 2016, and the referenced minute order was issued one hour after Plaintiff's motion was filed, at 4:13 p.m. on October 7, 2016, Docket No. 51.

The Court therefore **GRANTS** the motion for reconsideration of its order at Docket No. 56 in this case to the extent that order is inconsistent with this ruling, and it is otherwise **DENIED**.

### III.  CONCLUSION

For the reasons discussed above, SFR's motion for leave to file an opposition (Docket No. 58) is **GRANTED**, SFR's motion for reconsideration (Docket No. 57) is **GRANTED** in part and **DENIED** in part, and Plaintiff's motion for calculation of attorneys' fees (Docket No. 59) is **DENIED** as moot.

IT IS SO ORDERED.

DATED: January 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge