James C. Mahan
U.S. District Judge

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., et al., | Case No. 2:16-CV-498 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MESA VERDE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff/counter defendant Bank of America, N.A.'s ("BANA") motion for reconsideration. (ECF No. 116). Defendants Mesa Verde Homeowners' Association ("Mesa Verde") and SFR Investments Pool 1, LLC ("SFR") filed separate responses (ECF Nos. 121, 123), to which BANA replied (ECF No. 125).

Also before the court is BANA's motion to file supplemental authorities in support of its motion for reconsideration. (ECF No. 126). Mesa Verde and SFR filed a response. (ECF Nos. 127, 128). BANA did not file a reply and the time to do so has passed.

## I.   Facts

This action arises from a dispute over real property located at 4129 Thomas Patrick Avenue, North Las Vegas, Nevada 89032 ("the property"). (ECF No. 1).

George and Juanita Bennett ("the Bennetts") purchased the property on May 27, 2008. (ECF No. 89-1). The Bennetts financed the purchase with a loan in the amount of $215,761.00 from CTX Mortgage Company ("CTX Mortgage"). *Id.* CTX Mortgage secured the loan with a deed of trust, which names CTX Mortgage as the lender, Timothy Bartosh or William Naryka as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as

nominee for the lender and lender's successors and assigns. *Id*. On November 3, 2011, BANA acquired all beneficial interest in the deed of trust via an assignment, which BANA recorded with the Clark County recorder's office. (ECF No. 89-3).

On May 9, 2010, Mesa Verde, through its agent defendant Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien ("the lien") against the property for the Bennetts' failure to pay Mesa Verde in the amount of $920.00. (ECF No. 89-4). On August 5, 2010, Mesa Verde recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $5,380.00 as of August 3, 2010. (ECF No. 89-5).

In an attempt to exercise its right of redemption, BANA requested from Mesa Verde the superpriority amount of the lien. (ECF No. 89-7). On November 5, 2012, Mesa Verde provided a payoff ledger of the Bennetts total amount due from October 2009 to December 2012. *Id*. The payoff ledger shows an outstanding balance of $5,715.00 but does not state what portion of the balance constitutes the superpriority portion of the lien. *Id*. The ledger also does not include charges for maintenance and nuisance abatement. *Id*. The ledger does state, however, that Mesa Verde's monthly assessments against the property were $55.00. *Id*.

BANA used Mesa Verde's ledger to calculate the superpriority amount as $495.00, the sum of nine months of common assessments. *Id*. On November 29, 2012, BANA sent a letter and a check in the amount of $1,575.00 to Mesa Verde. *Id*. The letter explained that the check was the sum of nine of common assessment ($495.00) and what BANA determined to be reasonable collection costs ($1,080.00). *Id*. Mesa Verde rejected the payment without explanation. *Id*.

On June 3, 2013, Mesa Verde recorded a notice of foreclosure sale against the property. (ECF No. 92-7). On August 12, 2013, Mesa Verde sold the property in a nonjudicial foreclosure sale to SFR in exchange for $20,000.00. (89-8). On August 13, 2013, SFR recorded the deed of foreclosure with the Clark County recorder's office. *Id*.

On March 8, 2016, BANA filed a complaint alleging four causes of action: (1) quiet title/declaratory relief against all defendants; (2) breach of NRS 116.1113 against Mesa Verde and A&K; (3) wrongful foreclosure against Mesa Verde and A&K; and (4) injunctive relief against SFR. (ECF No. 1). On June 16, 2018, the court granted Mesa Verde and SFR's motions for

James C. Mahan
U.S. District Judge

- 2 -

summary judgment (ECF Nos. 92, 94), holding in part that BANA's attempted tender was insufficient to extinguish the superpriority lien. (ECF No. 111).

On September 13, 2018, the Nevada Supreme Court issued a ruling clarifying how courts should apply NRS 116.3116 *et seq.* ("Chapter 116")—the statute that Mesa Verde relied on when it foreclosed on the property. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) ("*Bank of America*"). In light of this intervening change in controlling law, the court now reconsiders its prior order pursuant to BANA's motion for reconsideration (ECF No. 116).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

As a preliminary matter, the court will grant BANA motion to file supplemental authorities (ECF No. 126) pursuant to Local Rule 7-2(g) as the authorities include new mandatory authority on the application of Chapter 116.

BANA argues that, in light of the Nevada Supreme Court's recent holding in *Bank of America*, BANA tendered the superpriority portion of the lien and prevented the foreclosure sale from extinguishing the deed of trust. (ECF Nos. 116, 126). The court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. Like *Bank of America*, where Bank of America relied on the HOA's representations to calculate nine months of assessments, BANA relied on Mesa Verde's ledger to calculate nine months of assessments. *See id*. at 118; (ECF No. 89-7). Further, Mesa Verde, like the HOA in *Bank of America*, did not indicate that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118; (ECF No. 89-7). Thus, when BANA sent a check for nine months of assessments and reasonable collection costs to Mesa Verde, it properly tendered the superpriority portion of the lien. Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for reconsideration (ECF No. 116) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's motion to file supplemental authorities (ECF No. 126) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED November 15, 2018.

_____
UNITED STATES DISTRICT JUDGE